IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID C. RIVERS,

      Plaintiff,                      No. CIV S-04-2524 GEB EFB P

vs.

E. ROSZKO, et al.,

      Defendants.               <u>ORDER</u>

/

      Plaintiff was a prisoner when he commenced this action but is now at liberty. He proceeds without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. On February 21, 2007, defendants filed a motion to compel plaintiff's deposition. Plaintiff has not filed an opposition or a statement of no opposition.

      This action proceeds on the November 29, 2004, complaint in which plaintiff alleges that defendants Roszko and Lees were deliberately indifferent to his heart condition by transferring him away from California Medical Facility (CMF) despite a doctor's order not to transfer him, and that defendants D. Smith, H. Smith Douglass and Cain refused to continue the treatment he had been receiving at CMF. On December 18, 2006, the court issued a discovery and scheduling order notifying the parties that defendants could take plaintiff's deposition upon 14 days' written notice. The order notified the parties that discovery would close on April 6, 2007,

and dispositive motions must be filed no later than June 1, 2007.  On December 20, 2006, defendants served on plaintiff a notice that they intended to take his deposition on January 30, 2007.  Def.'s Ex. A.  However, plaintiff neither appeared for the deposition nor notified counsel for defendants that he could not, or would not, appear. Dec. of Sunada.  Defendants' counsel wrote to plaintiff on February 8, 2007, in order informally to resolve this difficulty.  Ex. B. Plaintiff did not respond.  Defendants want to take plaintiff's deposition in order to narrow the issues for trial.

A party may take another party's duly noticed deposition in person as a matter of right. Fed. R Civ. P. 30.  If the party to be examined fails to appear after being served with a proper notice of deposition, the court may make such orders concerning the failure as are just, including dismissal.  Fed. R. Civ. P. 37(b)(2)(C); *see Connecticuut General Life Ins. Co. v. New Images of Beverly Hills*, 2007 WL 942394 at *3 (9th Cir. 2007)(willfulness, bad faith and fault in failing to comply with discovery orders justify the sanction of dismissal).  Defendants have submitted evidence that plaintiff did not appear for his duly noticed deposition or respond to their attempt to resolve this matter informally.  Furthermore, plaintiff has not responded to defendants' motion.  On these facts, the court must conclude that plaintiff knew when and where he was to have his deposition taken, but decided not to appear.  Thus, it appears that plaintiff's failure to appear for his deposition not only violated this court's discovery order but was also willful and in bad faith.  Accordingly, defendants' motion must be granted.

As stated above, discovery closed on April 6, 2007, and dispositive motions must be filed no later than June 1, 2007.  Defendants seek to modify the discovery date solely with respect to taking plaintiff's deposition.  They also assert that given the delay in taking plaintiff's deposition, they likely will not be able timely to file a dispositive motion.  A schedule may be modified upon a showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Defendants argue

that they noticed plaintiff's deposition and filed their motion to compel in time for them to take plaintiff's deposition, but the delay in resolving this motion made it impossible to take plaintiff's deposition before April 6.  They also assert that given the court's delay in resolving defendants' February 21, 2007, motion, it appears that even if they are diligent in noticing and taking plaintiff's deposition, they will not be able timely to file a dispositive motion.  Defendants' arguments are well-taken.

Accordingly, it is hereby ORDERED that:

1. Defendants' February 21, 2007, motion to compel plaintiff's deposition is granted;

2. Defendants' March 21, 2007, motion to modify the schedule is granted;

3. Defendants have 45 days from the date of this order to notice and take plaintiff's deposition. If plaintiff wilfully fails to appear without having obtained a protective order precluding, plaintiff faces severe sanctions which, in light of the unavailability of other effective sanctions, likely will include dismissal of this action;

4. Defendants have until August 1, 2007, to file and serve a dispositive motion.

Dated:  May 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3