IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID C. RIVERS,

      Plaintiff,                    No. CIV S-04-2524 GEB EFB P

   vs.

E. ROSZKO, et al.,

      Defendants.          <u>ORDER</u>

                              /

      Plaintiff, a parolee, proceeds without counsel on a complaint alleging civil rights violations. *See* 42 U.S.C. § 1983. Defendants move to modify the schedule as amended on May 2, 2007. For the reasons explained below, the motion is granted.

      A schedule may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Pursuant to the scheduling order as amended, defendants were to take plaintiff's deposition no later than June 18, 2007, and dispositive motions are to be filed no later than August 1, 2007. Defendants assert that on May 3, 2007, they served on plaintiff a notice that his deposition would be taken May 25, 2007. Shortly thereafter, defendants' counsel learned that plaintiff was "at large." Thus, on May 7, 2007, counsel notified plaintiff's parole unit of their intention to take

plaintiff's deposition. On May 24, 2007, a parole agent notified counsel that plaintiff would be arrested if he appeared for the deposition, and in fact plaintiff was arrested on May 25 before counsel could take plaintiff's deposition. As of June 1, 2007, when defendants filed their motion, counsel did not know where plaintiff was confined. The court notes that it is *plaintiff's* responsibility to notify the court and all parties of his current address. Local Rules 83-182(f), 83-183(b)(emphasis added). Thus, despite the efforts described above, defendants could not take plaintiff's deposition by the time set in the May 2, 2007, order. Furthermore, defendants cannot be sure that they can take plaintiff's deposition sufficiently in advance of August 1, 2007, in order timely to file a dispositive motion.

The court finds that defendants were diligent in their attempt to take plaintiff's deposition and that they nonetheless could not comply with the deadline. Furthermore, they have demonstrated that in all likelihood, they will not be able to comply with the date set for the filing of dispositive motions despite diligence on their part.

Accordingly, it hereby is ORDERED that:

1. Defendants' June 1, 2007, motion to modify the time for taking plaintiff's deposition and for filing dispositive motions is granted;

2. The June 18 and August 1, 2007, dates are vacated;

3. Within 30 days of the date of this order, defendants shall notify the court of whether they are aware of plaintiff's location and whether they are prepared to move forward with the deposition and with dispositive motions.

Dated: July 2, 2007.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\