IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID C. RIVERS,

        Plaintiff,                  No. CIV S-04-2524 GEB EFB P

        vs.

CALIFORNIA CORRECTIONAL
INSTITUTION, et al.,

        Defendants.          <u>ORDER</u>

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. Plaintiff commenced this action on November 29, 2004. On October 4, 2007, plaintiff filed a request that the district judge withdraw the referral to the undersigned because he is "deeply dissatisfied" with how the undersigned is handling this case. The court construes this request as motion to disqualify the undersigned pursuant to 28 U.S.C. § 455(a)(b)(1). For the reasons explained below, the court finds that there is no basis for disqualification.

      A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Plaintiff does not articulate the precise reasons for why he is dissatisfied, but presumably he is unhappy with prior written rulings on his case. Notwithstanding his

1

dissatisfaction, he identifies no basis for recusal here.  Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 554 (1994).  The decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 541.  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555.  Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior. *Id*.

The test for disqualification under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980).  Evaluations of impartiality, bias or prejudice under section 455 are made using an objective standard. *Id.*

Evaluated under this objective standard, plaintiff's motion fails to demonstrate personal bias or lack of impartiality.  In its totality, plaintiff's request reads:

> I am deeply dissatisfied on the way my court proceedings are being handled by the Honorable Magistrate Judge Brennan.  I prefer [that the district judge] handle my court proceedings or recommend another referral judge.

The court notes that plaintiff has been transferred twice during the pendency of this action, resulting in delay.  Furthermore, the date for filing dispositive motions has been vacated.  However, delays from such events are common in federal civil rights actions brought by prisoners.  Plaintiff's motion must fail because he identifies no particular fact even to suggest

1  that the undersigned harbors the least bit of personal bias or prejudice against plaintiff.

2      For all the foregoing reasons, plaintiff's October 10, 2007, request, construed as a motion

3  to disqualify, is DENIED.

4      So Ordered.

5  DATED:   October 31, 2007.

                         EDMUND F. BRENNAN
                         UNITED STATES MAGISTRATE JUDGE