IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID C. RIVERS,

        Plaintiff,                       No. CIV S-04-2524 GEB EFB P

        vs.

CALIFORNIA CORRECTIONAL
INSTITUTION, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

      Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the November 29, 2004, complaint in which plaintiff claims that some defendants were deliberately indifferent to his heart condition by transferring him from the California Medical Facility (CMF) to Avenal State Prison (ASP), and others violated the same right by refusing to provide him with medical treatment. On January 25, 2007, plaintiff filed a request that he be placed in the federal witness protection program and for this action to be transferred to the United States District Court for the Northern District of California. On July 17, 2007, plaintiff filed a second request for this action to be transferred to the Northern District and to be placed in the federal witness protection program. The court

////

////

1

construes these as motions for a preliminary injunction.[1] For the reasons explained below, the court finds that plaintiff is not entitled to the relief he seeks.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The Ninth Circuit standards for preliminary injunctive relief are well established:

> "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Sw. Voter Registration Educ. Project v. Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344 F.3d at 917 (internal quotation marks and citations omitted). "The irreducible minimum is that the moving party demonstrate a fair chance of success on the merits or questions serious enough to require litigation. No chance of success at all will not suffice." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) (internal punctuation and citations omitted).

*E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a

---

[1] Insofar as plaintiff actually seeks to proceed in the Northern District, the court finds that venue properly lies in the Eastern District. Review of the complaint shows that all the events giving rise to this action occurred at either CMF in Solano County or at ASP in Kings County. In a civil action where jurisdiction is based on the existence of a federal question, venue is proper in the district where a substantial amount of the events giving rise to the action occurred. *See* 28 U.S.C. § 1391(b)(2). Both Solano County and Kings county are within the Eastern District. *See* 28 U.S.C. § 84(b). Thus, venue is proper in the Eastern District. Plaintiff has not demonstrated that there is any basis for finding that venue might be proper in the Northern District or that it is in the interest of justice to transfer this action. *See* 28 U.S.C. § 1391(b)(specifying other bases for venue in cases involving a federal question); 28 U.S.C. § 1404(a) (governing change of venue).

likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

In its totality, plaintiff's January 25 motion states:

> I request for case to be transferred to San Francisco Federal Court and put on the Federal Witness Protection Program as I fear for my life. I pray for the above request.

Other than requesting copies of documents filed in this case, the July 17 motion states:

> I request again, that counsel[2] be appointed and or case be transferred to S.F. Northern District court, and that I be put on federal witness protection program.

Clearly these motions are inadequate. The court cannot determine which, if any, defendant or defendants are allgedly endangering plaintiff's life. Indeed, the court cannot discern whether his life is threatened in any way at all. Therefore, the court cannot find that plaintiff faces any injury, much less one which is imminent and irreparable. Nor can the court find that the balance of hardships, should the court grant either motion, tips in his favor. Since plaintiff does not mention the likelihood of success on the merits, it is impossible for the court to make any finding on that factor. In short, plaintiff's motions fail to make the showing required to obtain a preliminary injunction.

Accordingly, it is hereby recommended that plaintiff's January 25, 2007, and July 17, 2007, requests, construed as motions for preliminary injunctions, be denied.

////

---

[2] The court considered the request for counsel and denied it on August 28, 2007.

1  These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days
3 after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties. Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
6 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
7 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
8 Dated: November 20, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4